```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GENAO ANTONIO,
                                                         REPORT & RECOMMENDATION
                        Plaintiff,                       21 CV 4891 (LDH)(LB)
        -against-

NEW YORK CITY POLICE DEPARTMENT,

                        Defendant.
-----------------------------------------------------------------X
```

**BLOOM, United States Magistrate Judge:**

Plaintiff has failed to comply with the Court's Orders to file a signed complaint and application for leave to proceed *in forma pauperis*. I therefore respectfully recommend that this case should be dismissed pursuant to 28 U.S.C § 636(b).

*Pro se* plaintiff filed this action on August 20, 2021. ECF No. 1. However, plaintiff did not sign the complaint, his application to proceed *in forma pauperis* ("IFP"), or his request for *pro bono* counsel. ECF Nos. 1-3. The Court sent plaintiff a notice of deficient filing dated August 31, 2021, informing plaintiff that he must sign the complaint, IFP application, and request for *pro bono* counsel by September 14, 2021. ECF No. 4. The notice warned plaintiff that his case would not proceed and would be dismissed if he did not cure these deficiencies. Id. On October 5, 2021, plaintiff filed an unsigned IFP application, and a signed request for *pro bono* counsel. ECF Nos. 7, 8. The Court denied plaintiff's request for *pro bono* counsel without prejudice. ECF No. 9.

On April 13, 2022, the Court gave plaintiff an additional 30 days to file the signed documents, and warned plaintiff that his failure to do so would result in dismissal of this action. ECF No. 10. To date, plaintiff has not filed a signed complaint or IFP application.

The Federal Rules of Civil Procedure require that all pleadings and motions be signed by a party personally, if a party is unrepresented. Fed. R. Civ. P. 11(a). Plaintiff was ordered on two occasions to sign his complaint and IFP application. "[A]ll litigants, including *pro ses*, have an obligation to comply with court orders," and to diligently advance their case. Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (citing Minotti v. Lensink, 895 F.2d 100, 102 (2d Cir. 1990)). Despite the Court's warning that failure to provide these signed documents would result in dismissal of the case, plaintiff failed to act. Accordingly, it is respectfully recommended that this case should be dismissed.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                                      /S/
                                          LOIS BLOOM
                                          United States Magistrate Judge

Dated: August 18, 2023
       Brooklyn, New York